# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 1:03-CR-135(1)** |
| | § | |
| **KENNETH LEE MATTOX** | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 16, 2014, alleging that the Defendant, Kenneth Lee Mattox, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Kenneth Lee Mattox was sentenced on May 20, 2004, before Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of Ammunition, a Class A felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was 180 to 210 months. Kenneth Lee Mattox was subsequently sentenced to 120 months of imprisonment followed with 3 years supervised release

subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment and a $100 special assessment.

The sentence departed from the advisory guideline range based upon the defendant's objection to the Presentence Report. In its finding, the court deemed the Written Plea Agreement limited the defendants's punishment exposure to 10 years of imprisonment and two to three years' supervised release.

## II. The Period of Supervision

On December 28, 2012, Kenneth Lee Mattox completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on May 16, 2014, that raises eight allegations against Mattox.

The first allegation claims that Mattox violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance, to wit: on April 29, 2013, Mattox tested positive for amphetamine and methamphetamine; on December 9, 2013, during a counseling session with Mattox, his child's mother, his treatment provider and probation officer, Mattox admitted to the consumption of methamphetamine on or about December 6, 2013; on February 21, 2014, during an unannounced home visit, Mattox admitted, verbally and in writing, to using methamphetamine and opiates on or about February 19, 2014; and on April 3, 2014, Mattox submitted a urine specimen that tested positive for methamphetamine and opiates. He admitted using opiates and provided a prescription, but denied using methamphetamine. The specimen was sent to the lab and returned verifying the specimen was positive for methamphetamine.

The second allegation claims that Mattox violated a standard condition of release that the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons, to wit: Mattox has had sporadic employment history throughout his term of supervised release.

The third allegation claims that the defendant violated the standard condition of release that he shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, to wit: Mattox admits using illicit drugs with friends and traveling to locations where illegal drugs are sold in order to purchase illicit drugs.

The fourth allegation claims that Mattox violated the standard condition of release that he shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer, to wit: Mattox admits using illicit drugs with friends and traveling to locations where illegal drugs are sold in order to purchase illicit drugs.

The fifth allegation claims that Mattox violated the special condition of release that he shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is release from the program by the probation officer, to wit: Mattox failed to attend a substance abuse group session at Simon Counseling on April 14, 2014, and failed to report and submit a random urine specimen to Simon Counseling on April 17, 2014.

The sixth allegation claims that Mattox violated a special condition of release that he shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other

activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring, to wit: as of May 19, 2014, Mattox's electronic monitor device began altering "missed call back," no longer making it possible to effectively monitor him while on home detention. On June 9, 2014, Mattox indicated that he removed his leg monitor on an undetermined date without getting permission from the probation office.

The seventh and eighth allegations claim that Mattox violated a standard condition of release that he shall report to the probation officer as directed by the court or probation officer, shall submit a truthful and complete written report within five days of each month, and shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, to wit: on May 13, 2014, at approximately 5:37 p.m., an unannounced home visit was conducted at Mattox's residence and he was served a summons to appear before Magistrate Judge Zack Hawthorn on May 14, 2014 at 10:15 a.m., and Mattox failed to report as instructed.

**IV. Proceedings**

On July 10, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation. The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of thirteen (13) months and fifteen (15) days' imprisonment (which includes his seventy-seven (77) days of unserved home confinement), with no term of supervised release to be imposed after release.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Kenneth Lee Mattox violated conditions of supervision by failing to refrain from unlawful use of a controlled substance, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. If Mattox's home detention with electronic monitor was removed on May 20, 2014, Mattox will have 77 days of unserved home detention remaining.

In determining the Defendant's sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the first allegation that he failed to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of thirteen (13) months

and fifteen days' imprisonment (which includes his 77 days of unserved home confinement), with no term of supervised release to be imposed after release.

## VII.  Recommendations

The Court should find that the Defendant violated a first allegation that he failed to refrain from any unlawful use of a controlled substance.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of imprisonment of thirteen (13) months and fifteen (15) days' imprisonment (which includes his 77 days of unserved community confinement), with a no term of supervised release to be imposed after release.    The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Terre Haute, Indiana.  The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.   Therefore, the court may act on the report and recommendation immediately.

SIGNED this 18th day of July, 2014.

_____
Zack Hawthorn
United States Magistrate Judge